IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-581-FL

| | | |
|---|---|---|
| MARCIA ELENA QUINTEROS HAWKINS, ALICIA FRANKLIN, VANESSA LACHOWSKI, AND KYANNA SHIPP, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| MANDY COHEN, in her official capacity as Secretary of the North Carolina Department of Health and Human Services, | ) ) ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' motion (DE 61) for reconsideration of the court's August 9, 2018, order and proposals for modification of class definitions and preliminary injunction. Also before the court is defendant's motion (DE 68) for modification of preliminary injunction. This court heard argument on the motions on November 14, 2018, at which time the court denied that portion of plaintiffs' motion for reconsideration of dismissal of their Americans With Disabilities Act (ADA) claims, and denied their oral motion for certification of interlocutory appeal. The court granted in part and denied in part the portions of the motions remaining, which determination is memorialized as set forth herein.

## BACKGROUND

Detailed statement of the case contained in the court's August 8, 2018, order, is incorporated herein by reference. As pertinent to the instant motions, in that order, the court granted in part and denied in part plaintiffs' motion to certify class and for preliminary injunction. The court stayed implementation of the preliminary injunction to allow time for the parties to file alternative proposals for accomplishing the purpose of injunctive relief ordered. The court also extended time to submit proposed form and method of notice to the class until 30 days following deadline to appeal or disposition of motion for alternative proposals.

Plaintiffs filed the instant motion for reconsideration and proposals for modification on August 31, 2018. Defendant filed the instant motion for modification of preliminary injunction on September 24, 2018. In support thereof, defendant relies upon an affidavit of Carolyn McClanahan ("McClanahan"); notices of change in benefits for plaintiffs Hawkins and Shipp; and a portion of the North Carolina Department of Health and Human Services, Aged, Blind and Disabled Medicaid Manual. Defendant also responded to plaintiffs' instant motion and answered the amended complaint. On October 8, 2018, plaintiffs filed reply in support of their motion and responded to defendant's motion.

On October 1, 2018, the court entered an initial order regarding planning and scheduling. Upon subsequent motion of the parties, the court extended the deadline for the parties' Rule 26(f) conference, and subsequent report, until 21 days following expiration of the deadline to appeal the court's ruling here or 21 days following ruling by the court of appeals on any such ruling.

# COURT'S DISCUSSION

Upon consideration of the proposals of the parties, arguments regarding the same, as well as the determinations by the court made in its August 8, 2018, order, expressly incorporated herein by reference, the court modifies the class definitions and preliminary injunction in the manner set forth and explained as follows.

A.   Class Definitions

The court modifies the class definitions as shown below, with additions in bold and subtractions in strikeout:

> **Class One:** All individuals whose Medicaid coverage was or is based upon a non-disability category, and whose Medicaid coverage was, is, or will be interrupted, **reduced,** or terminated, effective January 1, 2014 or later, by **d**efendant Secretary of the North Carolina Department of Health and Human Services **(DHHS)**, or any of her employees, contractors, agents, or assigns, **(1)** without first making an individualized determination of continued Medicaid eligibility under ~~a disability-based category~~ **all Medicaid categories**, **including disability-based categories, or (2) without sending the beneficiary at least 10-day prior written notice of the termination or reduction of Medicaid that describes the specific reasons for such, the specific regulation supporting it, and the right to a pre-termination hearing.**
>
> **Class Two:** All individuals whose Medicaid coverage was or is based upon a disability category, and whose Medicaid coverage was, is, or will be terminated, **reduced,** or interrupted, effective January 1, ~~2016~~ 2014 or later, by **d**efendant Secretary of DHHS, or any of her employees, contractors, agents, or assigns, without first **making an individualized determination of continued Medicaid eligibility under all Medicaid categories and then** sending the beneficiary at least 10-day prior written notice of the termination of Medicaid that describes the specific reasons for the termination, the specific regulation supporting the termination, and the right to a pre-termination hearing.

As discussed at hearing, the court declines to adopt plaintiffs' proposal to change "was or is" to "was, is, or will be" in the first phrase of each class definition, based on the understanding that "is" encompasses all covered individuals at any time class notices are sent, rather than only covered

3

individuals at the time of the instant order. The court accepts the remaining modifications, not objected by defendant, as a necessary expansion of the class definition to cover properly all categories of Medicaid benefits. The court adds the term "reduced" in furtherance of plaintiffs' request for clarification that continuing a Medicaid beneficiary on "Family Planning Medicaid," with nothing else, should be treated the same as a termination of Medicaid benefits for purposes of the class definitions and preliminary injunction in the instant case.

B.  Class One Preliminary Injunction

The court modifies the Class One Preliminary Injunction as shown below, with additions in bold and subtractions in strikeout:

> <u>Preliminary Injunction</u>: Defendant and her employees, contractors, agents, or assigns, are preliminarily enjoined from terminating existing Medicaid benefits for individuals whose Medicaid coverage is based upon a non-disability category, unless and until ~~they have~~ **defendant has** considered such individuals' eligibility for Medicaid benefits under **all Medicaid categories, including** disability-related categories; in particular, before terminating **existing** Medicaid benefits **received in a non-disability category,** defendant and her employees, contractors, agents, or assigns, must, **beginning 12 weeks from the date of this order**:
>
> i.  Provide written notice to any such individual either 1) 180 days in advance of termination for all individuals whose scheduled termination date can be ascertained that far in advance (e.g., in circumstances in which termination is based upon fixed and predictable factors such as age); or, 2) in all other instances, 60 days in advance of termination;
>
> ii. Such notice must state ~~the specific reasons for the termination, the specific regulation supporting the termination, and the opportunity for a pre-termination hearing regarding the reasons for the termination.~~ **1) the current category of Medicaid benefits received, 2) the date that the current category of Medicaid benefits is scheduled to end, 3) the information that is needed to determine whether the individual will remain eligible under the current category of Medicaid benefits, and 4) the information that is needed to consider all other bases for eligibility. The notice shall**

4

|     | specify what information is needed and permit at least 30 days for the beneficiary to provide that information. |
| --- | --- |
| iii. | In addition, such notice must state that if an individual seeks to assert ~~continued~~ eligibility for Medicaid benefits under another category, **including a disability-related category,** ~~such as disability,~~ the individual must so specify **the alleged disability or other category** by return of the notice (e.g., through a check box or fill in the blank), within ~~15~~ **30** days of receipt thereof, or to provide notice **of same** in person **or by telephone or electronic means** during the same time period to the individual's county DSS office or caseworker. |
| iv. | If defendant or her employees, contractors, agents, or assigns, receives such timely allegation of disability **or other category of eligibility**, either through written notice or otherwise, defendant must provide instructions to such individual to submit an application for disability-based Medicaid coverage or **other category coverage** within ~~45~~ **30** days, and ~~to~~ **must** suspend termination of existing Medicaid coverage pending initial agency ~~review of any~~ **review and decision on** such timely received application. |
| v. | ~~Defendant or her employees, contractors, agents, or assigns, must also provide an extension of the suspension of termination beyond that first level of agency review, upon individualized determination of exceptional circumstances requiring extension.~~ **If the beneficiary's timely submitted application for Medicaid coverage based on disability or other category is approved, or if the individual is determined to be still eligible for Medicaid on current category, defendant must continue Medicaid coverage without interruption.** |
| **vi.** | **If the application for Medicaid based upon disability or other category is denied, such denial shall be noticed in accordance with established requirements for applications for Medicaid benefits, including notice of opportunity for hearing on that decision. In addition, if defendant determines at that time or thereafter that the beneficiary is not eligible for continued Medicaid benefits on the basis of existing Medicaid coverage, defendant shall send timely written notice of the termination of existing Medicaid benefits, including the specific reasons for the termination, the specific regulation supporting the termination, and the opportunity for a pre-termination de novo hearing regarding the reasons for the termination of existing Medicaid coverage.** |

>       vii.    **Furthermore, defendant must instruct her employees, contractors, agents, or assigns that if the eligibility redetermination cannot be completed in time to provide 10-day prior notice before the Medicaid certification period expires, the worker must manually override the automatic termination of benefits occurring in such instances because of the NC FAST system to extend Medicaid coverage to affected individuals until the redetermination can be completed and proper notice is sent. Defendant must take all necessary reasonable steps to assure that county DSS employees comply with this instruction.**

These modifications reflect the suggestion by both parties that the initial notice to be sent to the Medicaid beneficiary is not to be a notice of termination, as provided in the court's original preliminary injunction, but rather an informational notice about upcoming review of existing Medicaid category eligibility, as well as an opportunity to submit further information pertaining to eligibility for all Medicaid categories, including but not limited to disability.

In making these modifications, the court has adopted in part the language proposed by plaintiffs. In particular, the court adopts plaintiffs' proposal to modify the time frame for submitting documentation in response to the notice, consistent with the court's prior statement that one purpose of the injunction is "provid[e] the individual an opportunity to allege and apply for disability-based coverage sufficiently in advance of termination to allow time for processing of the application." (Order (DE 55) at 43). Likewise, the court adopts plaintiffs' proposal to clarify that suspension of termination must extend through initial review and decision on a timely application for a new category of Medicaid coverage, consistent with the court's determination that the preliminary injunction must serve the purpose of providing "a mechanism for suspending termination of Medicaid benefits, if necessary, for a reasonable period of time <u>while a timely application is pending</u>." (Id.) (emphasis added).

6

In contrast to plaintiffs' proposal, however, the court differentiates in subsection ii. information needed to determine eligibility for new categories of Medicaid coverage, such as disability-based Medicaid, from information pertinent to continuation of an existing category of Medicaid coverage. Likewise, in subsection vi., the court differentiates the opportunity for hearing on application for a new category of Medicaid coverage, such as disability-based Medicaid, from the opportunity for hearing on the termination of an existing category of Medicaid coverage. As set forth in the court's August 8, 2018, order, plaintiffs have not demonstrated for purposes of preliminary injunction that the Medicaid Act or due process requires, prior to the termination of an existing category of Medicaid coverage, opportunity for de novo evidentiary hearing on an application for a new category of Medicaid coverage, such as disability. (See Order (DE 55) at 35-38). While an opportunity for hearing on denial of application for a new category of Medicaid coverage may be required in accordance with statutory and regulatory provisions governing processing of such applications, see, e.g., 42 U.S.C. § 1396a(a)(3), (a)(8), 42 C.F.R. §§ 435.911, 431.206, plaintiffs have not demonstrated such hearing must be completed before or incorporated into the hearing that is required on termination of an existing category of Medicaid coverage. See, e.g., 42 C.F.R. §§ 431.201, .206, .210-.213, .231, 435.917; see Goldberg v. Kelly, 397 U.S. 254, 264 (1970). Modification contained in subsection vi. reflects this distinction.

At the same time, the court rejects those aspects of defendant's proposed modification which call for only a 60-day notice period based upon the Critical Age Report that does not provide any basis for suspending termination of existing benefits during consideration of all bases of eligibility. The lack of any suspension is contrary to the court's August 8, 2018, determination that the preliminary injunction must provide "a mechanism for suspending termination of Medicaid benefits,

7

if necessary, for a reasonable period of time <u>while a timely application is pending</u>." (Order (DE 55) at 43) (emphasis added). Suspension of termination of existing Medicaid coverage pending initial agency review and decision on a timely application for a new category of coverage ensures defendant has sufficient time to "consider all bases of eligibility" "prior to making a determination of ineligibility." 42 C.F.R. § 435.916(f). In addition, a 180-day notice time period, as opposed to a 60-day notice period, ensures that there is enough time to "provid[e] the individual an opportunity to allege and apply for disability-based coverage sufficiently in advance of termination to allow time for processing of the application." (Order (DE 55) at 43). Greater advance notice thus reduces the risk of unnecessary suspensions of termination of existing Medicaid coverage while a timely application is pending.

Moreover, defendant has not demonstrated that generating a 180-day notice (for fixed and predictable factors such as age) will be more onerous than generating a 60-day notice. While defendant suggested at hearing that the 60-day notice was proposed because the Critical Age Report is a pre-existing process taking place at the same time in the NC FAST system, defendant still requests 35 weeks "to create said [60-day] notice and put it through the process of adding it to the NC FAST system." (Def's Mod. (DE 68) at 3). Thus, whether at the 60-day mark or 180-day mark, the notice will require an administrative process of generation.

Finally, the court has taken into account, in part, defendant's suggestion to build in a time period to allow defendant to generate the notice required by the Class One Preliminary Injunction. The court has considered in its modification the information received at hearing as well as in the McClanahan affidavit, regarding the amount of time needed to generate the notice and to have systems in place for county DSSs to comply with the terms of the Class One Preliminary Injunction.

8

As noted, defendant originally estimated it needed up to 35 weeks to put the notice into practice. However, based upon discussion at hearing, the time periods needed for translation, notice design, and production (about 20 weeks) may be significantly reduced, given plaintiffs' offer of assistance with generating the notice, and given that the notice is not required by the preliminary injunction to be generated initially through the NC FAST system. In addition, while defendant cites a backlog due to recent hurricane, updated information at hearing did not demonstrate a need currently for 4-8 additional weeks on this account. Based on the foregoing, the court provides defendant a 12 week period of time to implement the notice requirement. Finally, in light of discussion at hearing regarding potential appeal, consistent with the stay of scheduling activities, the court stays the deadline for implementation of the injunction until 21 days following expiration of deadline to appeal the instant order or 21 days following ruling by the court of appeals on any such ruling.

C. Class Two Preliminary Injunction

The court modifies the Class Two Preliminary Injunction as shown below, with additions in bold and subtractions in strikeout:

> Preliminary Injunction: Defendant and her employees, contractors, agents, or assigns, are preliminarily enjoined from terminating existing Medicaid benefits for individuals whose Medicaid coverage is based upon a disability category, unless and until ~~they have~~ **defendant has considered such individuals' eligibility for Medicaid benefits under all Medicaid categories and the beneficiary has** received 10-day prior written notice of the termination that describes the specific reasons for the termination, the specific regulation supporting the termination, and the opportunity for a pre-termination hearing regarding the reasons for the termination. ~~In particular, In those instances where individual county DSS offices are behind schedule in processing Medicaid re-eligibility determinations,~~ **In addition,** defendant must instruct her employees, contractors, agents, or assigns ~~to either 1)~~ **that if the eligibility redetermination cannot be completed in time to provide 10-day prior notice before the Medicaid certification period expires, the worker must** manually override the automatic termination of benefits occurring in such instances because of the NC FAST system, ~~or 2) manually provide 10-day prior written notice of the termination in such instances to affected individuals.~~ **or extend**

9

**Medicaid coverage to affected individuals until the redetermination can be completed and proper notice is sent. Defendant must take all necessary reasonable steps to assure that county DSS employees comply with this instruction. In the event that individual county DSSs do not comply with this instruction, defendant must reinstate automatic extensions of benefits for those noncompliant counties at the end of the mandatory recertification period, and hold county DSSs financially responsible for the erroneous issuance of Medicaid benefits and Medicaid claims payments, in accordance with N.C. Gen. Stat. § 180A-25.1A.**

These modifications are derived largely from plaintiffs' proposed modifications, to which defendant has not objected. The second-to-last sentence is adopted as proposed by plaintiffs, in light of considerations discussed at hearing that defendant must be required to enforce the requirements of the injunction, in the event county DSS offices fail to comply. The last sentence takes into account, in part, defendant's suggestion not to require automatic reinstatement of benefits at the end of the mandatory recertification period. However, as forecasted at hearing, the court finds acceptable reinstatement of automatic extensions of benefits for individual non-compliant counties, provided that defendant holds county DSSs financially responsible in accordance with the provisions in N.C. Gen. Stat. § 180A-25.1A.

## CONCLUSION

Based on the foregoing, plaintiffs' motion (DE 61) for reconsideration and for modification, and defendant's motion (DE 68) for modification each are GRANTED IN PART and DENIED IN PART as set forth herein. The court MODIFIES its August 9, 2018, order by setting forth amended class definitions, preliminary injunction, and case scheduling, as follows:

1. Class Definitions

Class One: All individuals whose Medicaid coverage was or is based upon a non-disability category, and whose Medicaid coverage was, is, or will be interrupted, reduced, or terminated,

effective January 1, 2014 or later, by defendant Secretary of the North Carolina Department of Health and Human Services (DHHS), or any of her employees, contractors, agents, or assigns, (1) without first making an individualized determination of continued Medicaid eligibility under all Medicaid categories, including disability-based categories, or (2) without sending the beneficiary at least 10-day prior written notice of the termination or reduction of Medicaid that describes the specific reasons for such, the specific regulation supporting it, and the right to a pre-termination hearing.

Class Two: All individuals whose Medicaid coverage was or is based upon a disability category, and whose Medicaid coverage was, is, or will be terminated, reduced, or interrupted, effective January 1, 2014 or later, by defendant Secretary of DHHS, or any of her employees, contractors, agents, or assigns, without first making an individualized determination of continued Medicaid eligibility under all Medicaid categories and then sending the beneficiary at least 10-day prior written notice of the termination of Medicaid that describes the specific reasons for the termination, the specific regulation supporting the termination, and the right to a pre-termination hearing.

2. Preliminary Injunction

Class One Preliminary Injunction: Defendant and her employees, contractors, agents, or assigns, are preliminarily enjoined from terminating existing Medicaid benefits for individuals whose Medicaid coverage is based upon a non-disability category, unless and until defendant has considered such individuals' eligibility for Medicaid benefits under all Medicaid categories, including disability-related categories; in particular, before terminating existing Medicaid benefits

11

received in a non-disability category, defendant and her employees, contractors, agents, or assigns, must, beginning 12 weeks from the date of this order:

    i.    Provide written notice to any such individual either 1) 180 days in advance of termination for all individuals whose scheduled termination date can be ascertained that far in advance (e.g., in circumstances in which termination is based upon fixed and predictable factors such as age); or, 2) in all other instances, 60 days in advance of termination;

    ii.    Such notice must state: 1) the current category of Medicaid benefits received, 2) the date that the current category of Medicaid benefits is scheduled to end, 3) the information that is needed to determine whether the individual will remain eligible under the current category of Medicaid benefits, and 4) the information that is needed to consider all other bases for eligibility. The notice shall specify what information is needed and permit at least 30 days for the beneficiary to provide that information.

    iii.    In addition, such notice must state that if an individual seeks to assert eligibility for Medicaid benefits under another category, including a disability-related category, the individual must so specify the alleged disability or other category by return of the notice (e.g., through a check box or fill in the blank), within 30 days of receipt thereof, or to provide notice of same in person or by telephone or electronic means during the same time period to the individual's county Department of Social Services (DSS) office or caseworker.

iv. If defendant or her employees, contractors, agents, or assigns, receives such timely allegation of disability or other category of eligibility, either through written notice or otherwise, defendant must provide instructions to such individual to submit an application for disability-based Medicaid coverage or other category coverage within 30 days, and must suspend termination of existing Medicaid coverage pending initial agency review and decision on such timely received application.

v. If the beneficiary's timely submitted application for Medicaid coverage based on disability or other category is approved, or if the individual is determined to be still eligible for Medicaid on current category, defendant must continue Medicaid coverage without interruption.

vi. If the application for Medicaid based upon disability or other category is denied, such denial shall be noticed in accordance with established requirements for applications for Medicaid benefits, including notice of opportunity for hearing on that decision. In addition, if defendant determines at that time or thereafter that the beneficiary is not eligible for continued Medicaid benefits on the basis of existing Medicaid coverage, defendant shall send timely written notice of the termination of existing Medicaid benefits, including the specific reasons for the termination, the specific regulation supporting the termination, and the opportunity for a pre-termination de novo hearing regarding the reasons for the termination of existing Medicaid coverage.

vii. Furthermore, defendant must instruct her employees, contractors, agents, or assigns that if the eligibility redetermination cannot be completed in time to provide 10-day

prior notice before the Medicaid certification period expires, the worker must manually override the automatic termination of benefits occurring in such instances because of the NC FAST system to extend Medicaid coverage to affected individuals until the redetermination can be completed and proper notice is sent. Defendant must take all necessary reasonable steps to assure that county DSS employees comply with this instruction.

Class Two Preliminary Injunction: Defendant and her employees, contractors, agents, or assigns, are preliminarily enjoined from terminating existing Medicaid benefits for individuals whose Medicaid coverage is based upon a disability category, unless and until defendant has considered such individuals' eligibility for Medicaid benefits under all Medicaid categories and the beneficiary has received 10-day prior written notice of the termination that describes the specific reasons for the termination, the specific regulation supporting the termination, and the opportunity for a pre-termination hearing regarding the reasons for the termination. In addition, defendant must instruct her employees, contractors, agents, or assigns that if the eligibility redetermination cannot be completed in time to provide 10-day prior notice before the Medicaid certification period expires, the worker must manually override the automatic termination of benefits occurring in such instances because of the NC FAST system, or extend Medicaid coverage to affected individuals until the redetermination can be completed and proper notice is sent. Defendant must take all necessary reasonable steps to assure that county DSS employees comply with this instruction. In the event that individual county DSSs do not comply with this instruction, defendant must reinstate automatic extensions of benefits for those noncompliant counties at the end of the mandatory recertification

period, and hold county DSSs financially responsible for the erroneous issuance of Medicaid benefits and Medicaid claims payments, in accordance with N.C. Gen. Stat. § 180A-25.1A.

3. Case Scheduling

Consistent with argument at hearing and prior orders of the court, the court stays the following deadlines for case activities until 21 days following expiration of the deadline to appeal the instant order or 21 days following ruling by the court of appeals on any such ruling: 1) deadline for submission of form of class notices; 2) deadline for implementation of the preliminary injunction set forth herein; and 3) deadline for the parties' Rule 26(f) conference.

All other terms and conditions set forth in the court's August 9, 2018, order not altered herein shall remain in full force and effect.

SO ORDERED, this the 10th day of December, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge