IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-581-FL

| | |
|---|---|
| ALICIA FRANKLIN and REINA GUZMAN on behalf of herself and minor child E.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KODY H. KINSLEY, in his official capacity of Secretary of the NC Department of Health and Human Services,<br><br>Defendant. | ORDER ON APPROVAL OF SETTLEMENT |

Pursuant to Federal Rule of Civil Procedure 23(e), the parties now seek final Court approval of a Settlement Agreement in this class action case filed on behalf of recipients of coverage under the N.C. Medicaid program who are subject to redetermination eligibility and potential termination or reduction of their benefits. The settlement includes a set of agreements making major changes to the procedures, forms, and notices used during that process.

Plaintiffs in this case alleged that Defendant has violated certain provisions of the U.S. Constitution and the Medicaid Act. Defendant denied that any violations have occurred. The case was brought pursuant to 42 U.S.C. § 1983. Upon consideration of the proposed settlement agreement and the parties' Joint Motion for Expedited Approval of the Settlement Agreement and supporting Joint Memorandum of Law, the Court finds the following:

1. Plaintiffs and class representatives are N.C. Medicaid recipients who have been terminated from Medicaid coverage. Two are competent adults and one is a minor child for whom suit is brought by her natural parent.

2. The initial complaint in this matter was filed on November 21, 2017. Plaintiffs filed a motion for preliminary injunction and a motion to certify a class under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. On August 9, 2018, this Court entered an Order granting Plaintiffs' motions to certify the class and for preliminary injunction. On December 10, 2018, the Court modified its Order.

3. Class counsel represent the named plaintiffs and the class. Class counsel have vigorously prosecuted the Plaintiffs' claims and defended the Plaintiffs against motions by Defendants and have kept the class representatives informed of the progress of the case.

4. During the pendency of this suit, both Plaintiffs and Defendants have been vigorously represented by their counsel who have litigated the case and engaged in very extensive settlement discussions.

5. On or about October 14, 2022, the parties, after extensive arms-length negotiations among counsel and representatives from Defendants, filed their Settlement Agreement, followed by the Joint Motion which brings this matter before the Court.

6. Plaintiffs' counsel have represented to the Court that they believe the Settlement Agreement is reasonable and is fair to the named plaintiffs and to all class members. The Court further notes that the named plaintiffs have executed the Settlement Agreement.

7. On October 31, 2022, the Court required that notice of the proposed Settlement Agreement be published through various electronic means to notify class members of the proposed settlement and fairness hearing. The Court now finds that its Order Preliminarily Approving the

2

Case 5:17-cv-00581-FL    Document 132    Filed 01/13/23    Page 2 of 4

Settlement Agreement and Directing Notice to the Class, dated October 31, 2022, has been complied with.

8. The Court has thoroughly and carefully reviewed the proposed Settlement Agreement.

9. The Court conducted a hearing to determine the fairness of the proposed Settlement Agreement on January 13, 2023.

10. Based on the hearings and pleadings filed in this case, to date, the Court has determined that the Plaintiffs and Defendant have not engaged in collusive activity, that the settling Plaintiffs have not used their class action claims for unfair personal aggrandizement, that no monetary awards are to be paid to the named Plaintiffs or class members, and that absent class members are benefited by, not prejudiced as a result of, the Settlement Agreement. The Court finds the Settlement Agreement is fair and reasonable. Based upon the above foregoing Findings, the Court enters the following Conclusions of Law:

1. All parties are properly represented and are properly before the Court for the purpose of the entry of this Order. No questions exist as to misjoinder or nonjoinder of parties.

2. The Court has jurisdiction over the subject matter of this lawsuit. No objections to jurisdiction have been made.

3. That under the totality of the circumstances, the settlement between the parties as contained in the Settlement Agreement filed with the Joint Expedited Motion for Preliminary Approval of Settlement Agreement, Notice to Class Members, Scheduling of Fairness Hearing, Final Approval of Settlement Agreement is fair and reasonable.

4. Plaintiffs' counsel has provided services to the class consistent with their role as class counsel to fairly and adequately protect the interests of the class.

Based upon the foregoing Findings and Conclusions, it is hereby ORDERED as follows:

1. The Settlement Agreement is hereby approved pursuant to Federal Rule of Civil Procedure 23(e) and Rule 17.1 of the Local Rules of the Eastern District of North Carolina.

2. The Court will retain jurisdiction for the period described in the Settlement Agreement for the purpose of enforcing the terms of the Settlement Agreement, which is incorporated by reference into this Order. Subject to the foregoing, the clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge