UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Case No.: 5:17-cv-00581-FL

| | |
|---|---|
| ALICIA FRANKLIN and REINA GUZMAN, on behalf of herself and minor child E.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KODY KINSLEY, in his official capacity as Secretary of the North Carolina Department of Health and Human Services,<br><br>Defendant. | **ORDER APPROVING SETTLEMENT AGREEMENT REGARDING ATTORNEY'S FEES AND COSTS** |

This matter is before the Court based on the Parties' Joint Motion for Approval of their Settlement Agreement Regarding Attorney's Fees and Costs. Having reviewed the motion, agreement, and other filings, the Court now makes the following findings of fact and conclusions of law.

1. The Parties reached a Settlement Agreement regarding the amount of attorney's fees and costs to be paid to class counsel for the period ending January 13, 2023, the date of Court Approval of the Settlement of the Merits in this case. The agreement calls for payment by Defendant of the sum of $725,000.00 to Plaintiffs' Attorneys.

2. The Court has reviewed the summary showing the number of hours expended by attorneys and paralegals working on the case for the Plaintiffs, their

positions, and their years of experience, and the hourly rates requested for each of them as well as contemporaneous time records for those working on the case for the Plaintiffs.

3. The Court finds that the hourly rates requested by Plaintiffs are reasonable and consistent with rates charged by other attorneys and paralegals of similar experience working on complex litigation in the Eastern District of North Carolina.

4. The Court finds that the number of hours expended by Class Counsel and their staff were reasonable considering the excellent results obtained, the very large number (over 2.8 million currently) of Medicaid beneficiaries protected from improper termination or reduction of their benefits, and the large number and significant complexity of the issues required to be addressed both during litigation and in the extensive, protracted negotiations between the Parties. The reasonableness of the time expended is also supported by Findings 3 and 4 of this Court's January 13 Order approving the settlement of the merits.

5. The amount of attorney's fees agreed to in the Settlement Agreement represents a 13.3% reduction from the product of the hours expended multiplied by the hourly rates requested. This supports the Court's finding that the amount of fees is fair and reasonable.

6. This case sought and obtained only injunctive relief. Therefore, the fees paid to Class Counsel in no way could have reduced any monetary recovery obtained by class members. Moreover, the settlement of the merits was completed and approved by the Court before any negotiations occurred regarding fees. This Court has previously found that there was no collusion and that the results obtained for the class were excellent. ECF No. 132, Finding 10. Thus, there is no risk that Class Counsel accepted a

lesser settlement on the merits in order to obtain fees for themselves. In these circumstances, the underlying purpose of the Rule 23(h) requirement for court review of the settlement of fees in a class action has been satisfied. *See Braggs v. Dunn*, 321 F.R.D. 653, 675 (M.D. Ala. 2017) ("[E]ven when both sides agree to an award of attorneys' fees, the court has an independent responsibility to assess its reasonableness, in order to guard against the risk that class counsel might agree to enter into a settlement less favorable to their clients in exchange for inappropriately high fees.")

7. As required by Rule 23(h)(1), notice of the joint motion was "directed to class members in a reasonable manner" by prominently posting a notice at the websites of Class Counsel, where it remained for a period of four weeks. The notice included links to the parties' motion, the Settlement Agreement, and a summary of the time expended and hourly rates sought by Plaintiffs, along with instructions for any class member who wanted more information or who wished to file a written objection to approval of this motion. The Court finds that this notice met the requirements of Rule 23(h)(1).

8. The deadline for filing objections was March 3, 2023. No written objections have been filed.

WHEREFORE, pursuant to Fed. R. Civ. P. 23(h), the Court hereby approves the Parties' Settlement Agreement Regarding Attorney's Fees.

This the 31st day of May, 2023.

*/s/ Louise V. Flanagan*
Louise Wood Flanagan
United States District Court Judge